1

Hon. James L. Robart

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
9                            AT SEATTLE

10   UNITED STATES OF AMERICA,        )
                                      )      NO. CR09-107-JLR
11                    Plaintiff,      )
                                      )      UNITED STATES' SENTENCING
12                                    )      MEMORANDUM
             v.                       )
13                                    )
     HA-DUYEN THI LE,                 )
14         a/k/a Holly Le,            )
                     Defendant.       )
15   _____)      Sentencing Date: 7/6/2009

16          The United States of America, by Jeffrey C. Sullivan, United States Attorney for

17   the Western District of Washington, and Sarah Y. Vogel, Assistant United States

18   Attorney, files this Memorandum in anticipation of the sentencing hearing for Defendant

19   Ha-Duyen Thi Le, scheduled for July 6, 2009.

20                          **BACKGROUND**[1]

21                          *Wire Fraud Scheme*

22          Beginning in at least May of 2005, and continuing through 2006, Defendant Ha-

23   Duyen Thi Le, who also goes by the name Holly Le, and her husband, Tan My Doan,

24   owned and operated the mortgage brokerage business Jet City Mortgage, LLC, ("JCM")

25   which was located at 18119 East Valley Highway SE, Building C-103, Kent, within the

26   Western District of Washington.  Doan was licensed as a mortgage broker and real estate

27   agent by the State of Washington.  Le was not licensed as either a realtor or mortgage

28

[1]Taken from the factual admission in the plea agreement.

UNITED STATES' SENTENCING MEMORANDUM/
United States v. Ha-Duyen Thi Le, CR09-107-JLR  — 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1 broker by the State of Washington.

2      During this time period, Le, JCM, and others, including clients of JCM and the

3 owners of three small Seattle-area businesses, knowingly and intentionally agreed and

4 conspired to engage in an unlawful scheme, the object of which was to obtain money and

5 property from mortgage lenders by false pretenses.  Specifically, the scheme involved

6 preparing and submitting loan application packets containing materially false statements,

7 representations, and omissions relating to employment, income, and other material facts,

8 and supported by false and fraudulent documents and verifications, in order to induce

9 lenders to fund the requested loans.  For the purpose of executing this scheme, Le and

10 JCM transmitted and caused to be transmitted writings, signs, signals, and sounds by

11 means of interstate wire.

12      In reliance upon these fake and fraudulent material statements in the applications,

13 the lenders agreed to loan money to JCM's client-borrowers for the purchase of real

14 estate.  The purchase funds were transferred from the lenders' bank account to the bank

15 account of the designated escrow company via interstate wire transfer, and thereafter

16 disbursed as directed to conduct the real estate purchases.  As part of each completed

17 purchase, the escrow company also disbursed some of the funds obtained from the lender

18 to JCM as payment of fees, commissions, and yield spread premiums for their brokerage

19 services.  In some cases, disbursements also were paid to JCM's majority owner, Tan My

20 Doan, through the real estate brokerage he worked for, as commissions for acting as the

21 buyer's real estate agent in the transactions.

22      The evidence establishes at least 24 real estate purchases funded with one or more

23 loans fraudulently obtained via interstate wire in the manner described above, during and

24 in furtherance of the conspiracy, each of which resulted in payment of fraudulently-

25 obtained fees, commissions, and premiums to JCM.  According to the DEA, at least eight

26 of the houses purchased with fraudulent loans obtained through JCM in this manner were

27 later found to house indoor marijuana growing operations.  As of September, 2008, six of

28 the 24 properties were reported as having gone into foreclosure, and five had been sold in

UNITED STATES' SENTENCING MEMORANDUM/
United States v. Ha-Duyen Thi Le, CR09-107-JLR  — 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1  a trustee sale in connection with the foreclosure.

2         For the 24 transactions listed in the Plea Agreement, JCM was paid a total of

3  $153,574.96 in fees, commissions, and premiums for its services in securing these

4  fraudulently-obtained loans.  In addition, Doan was paid a separate commission for acting

5  as the buyer's real estate agent in ten of these 24 transactions.  Escrow documents show

6  that for nine of those transactions, a total of $82,936.23 in realtor commissions was paid

7  to Doan by his brokerage firm.

8                          *Money Laundering*

9         In November of 2006, a borrower purchased a home located at 25*** 15th Pl. S,

10  Des Moines, Washington, using loans obtained through Jet City Mortgage.  Tan Doan

11  acted as the borrower's agent.  In a manner similar to that described above, the

12  borrower's application packet included false material statements and representations

13  about his employment and income.  In reliance upon the false material statements

14  contained within the fraudulent application packet submitted in this case, the lender

15  funded this JCM client-borrower's purchase loan with an interstate wire transfer to

16  Rainier Title & Escrow.  From those funds, Rainier Title & Escrow disbursed a check to

17  Jet City Mortgage for $12,267.25 in commissions and fees for mortgage brokerage

18  services.  On November 9, 2006, within the United States, Ha-Duyen Le endorsed and

19  deposited that check, which she knew represented criminally derived profits in an amount

20  of more than $10,000, generated from the wire fraud scheme described above, into an

21  account number 093-***247-3 in the name of Jet City Mortgage, LLC, at Washington

22  Mutual, a financial institution insured by the FDIC, in and affecting interstate commerce.

23                          *Plea Agreement*

24         Le timely entered pre-indictment guilty pleas to an Information charging:

25  Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Sections

26  1343 and 1349; and Money Laundering, in violation of Title 18, United States Code,

27  Sections 1957 and 2.  Le's Agreement was interdependent upon a similar Plea Agreement

28  entered by the Corporation Jet City Mortgage, LLC.  Her husband, Tan Doan, was not

UNITED STATES' SENTENCING MEMORANDUM/
United States v. Ha-Duyen Thi Le, CR09-107-JLR — 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1   charged.

2       The Plea Agreement includes the following stipulation as to loss:

3       9. Loss. Defendant specifically agrees that some victims of this offense
        suffered real pecuniary losses as a result of the scheme. At least six of the
4       loans obtained through this fraudulent scheme have gone into foreclosure as
        of September, 2008, and other may fall into foreclosure in the near future.
5       Because of pending and anticipated foreclosure actions, subsequent loan
        sales, and now-defunct lenders, the exact amount of the loss realized by the
6       lenders or other victims as a result of this scheme is difficult to ascertain at
        this moment. The parties hereby stipulate that the total amount of the loss
7       does not exceed $400,000, and further stipulate that in the event that the
        exact loss figure remains uncertain at the time of sentencing, the Court
8       should use the gain realized by Jet City Mortgage, Le, and Doan from the
        offense, as outlined elsewhere in this Plea Agreement, as the appropriate
9       figure for computing base offense level.

10  Plea Agr. ¶ 9.

11                      **GUIDELINES CALCULATION**

12      The Presentence Report (PSR) accurately describes Le's criminal conduct and

13  history. The PSR correctly concludes that the combined base offense level is 20, and that

14  Le is eligible for full credit for acceptance of responsibility, reducing her offense level

15  to 17. With no criminal history at all, Le's advisory Guidelines range is 24-30 months'

16  imprisonment.

17      In her Sentencing Memorandum, Le argues for the first time that she should be

18  entitled to a three-level "mitigating role adjustment," because her "actions were

19  constantly subject to brokerage supervision." Dkt. 18 at 2. In fact, there is no evidence in

20  the record supporting this statement. While Ms. Le's actions *should have been* subject to

21  the supervision of a licensed mortgage broker (Mr. Doan), he has never admitted

22  exercising any such supervision. The objective evidence abounds with acts in furtherance

23  of the conspiracy which were undertaken by Le individually, such as her signature on

24  loan applications, commission checks, and payments to friends for false employment

25  verifications. Indeed, Jet City Mortgage's criminal liability stems from its *failure*

26  adequately to supervise Le. If, in fact, Le was acting at the direction or under the

27  supervision of Mr. Doan or any other person, she has never come forward with this

28  information and it is not established by the available evidence.

UNITED STATES' SENTENCING MEMORANDUM/
United States v. Ha-Duyen Thi Le, CR09-107-JLR — 4

1    Accordingly, while Ms. Le's conduct may well have been aberrant (*see* Def. Sent.

2  Memo., Dkt. 18 at 2), the available evidence does not support a mitigating role reduction

3  under USSG § 3B1.2.

### STATUTORY MAXIMUM

5    The statutory maximum for Count 1 is 20 years' imprisonment. 18 U.S.C. § 1343.

6  The statutory maximum for Count 2 is 10 years' imprisonment.  18 U.S.C. § 1957.

### RECOMMENDATION

8    The United States respectfully concurs with the recommendation of Probation that

9  the Court impose a sentence of six months' imprisonment.  This sub-Guidelines sentence

10  is appropriate in light of "the nature and circumstances of the offense," and the need for

11  the sentence "to reflect the seriousness of the offense, to promote respect for the law, and

12  to provide just punishment for the offense," and "to afford adequate deterrence to

13  criminal conduct."  18 U.S.C. §§ 3553(a)(1), (a)(2)(A), and (a)(2)(B).

14    Ms. Le's conduct was serious.  She knowingly and intentionally used her position

15  as a loan originator to help real estate buyers who did not qualify deceive lenders into

16  extending them mortgage loans, which in some (predictable) cases the buyers then could

17  not afford to re-pay.  As a result, some lenders lost money and some buyers lost their

18  homes and credit ratings.  In a few cases, marijuana growers were able to buy homes

19  which were used for that illicit purpose, although there is no evidence that Ms. Le was

20  aware of this intended unlawful purpose.  Ms. Le and her husband profited from this

21  endeavor, but only to the extent of charging normal and customary fees, commissions,

22  and premiums.  It is fair to say that Jet City Mortgage and Ha-Duyen Le's lax and

23  deceptive brokerage practices were typical of those that led, ultimately, to the mortgage-

24  industry's local and nationwide collapse.

25    In mitigation, however, Ms. Le's conduct appears to have been motivated less by

26  personal greed and more by her misguided intent to help other members of the immigrant

27  community purchase homes.  In each case of an exaggerated or falsified home

28  application, Ms. Le and Jet City Mortgage were facilitating fraud by a potential home

UNITED STATES' SENTENCING MEMORANDUM/
United States v. Ha-Duyen Thi Le, CR09-107-JLR  — 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1 buyer who was willing to make false statements in order to take on a loan he or she

2 probably could not afford.  The buyers were the primary beneficiary of the fraud; Ms. Le

3 benefitted only secondarily.  Of course, without the mortgage-brokerage expertise that Le

4 and Jet City Mortgage provided, the buyers could not perpetuate their fraud.  It is notable

5 that in the majority of cases, the buyers continue to make payments on their mortgages,

6 and they and their families continue to live in the homes purchased with the criminal

7 assistance of Le and Jet City Mortgage.  None of those buyers have been prosecuted, with

8 the exception of those who were using the homes to grow marijuana.

9        With regard to the need to protect the community, given the changed economic

10 circumstances and her agreement with the State of Washington not to work in the

11 mortgage industry for fifteen years, there is very little risk that Ms. Le will re-offend.  She

12 has no prior contact with the criminal justice system at all, and has primary responsibility

13 for her two young children.

14        In light of all these factors, the United States believes a term of six months'

15 imprisonment is "sufficient, but not greater than necessary."  The United States further

16 agrees that a special condition requiring 80 hours of community service is appropriate

17 here.

18        The United States is not aware of any victim lender who has requested restitution

19 in this case.

20        Ms. Le does not appear to be capable of paying a fine, but is responsible for a

21 Special Assessment of $200.

22        DATED this 30th day of June, 2009.

23                                        Respectfully submitted,

24                                        JEFFREY C. SULLIVAN
                                         UNITED STATES ATTORNEY
25
                                         s/ Sarah Y. Vogel
26                                       United States Attorney's Office
                                         700 Stewart Street, Suite 5220
27                                       Seattle, WA 98101-1271
                                         Telephone: 206-553-2074
28                                       Fax: 206-553-4440
                                         E-mail: Sarah.Vogel@usdoj.gov

UNITED STATES' SENTENCING MEMORANDUM/
United States v. Ha-Duyen Thi Le, CR09-107-JLR — 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970

1

CERTIFICATE OF SERVICE

2          I hereby certify that on June 30, 2009 I electronically filed the foregoing with the

3   Clerk of the Court using the CM/ECF system which will send notification of such filing

4   to the attorney(s) of record for the defendant(s).  I hereby certify that I have served the

5   attorney(s) of record for the defendant(s) that are non CM/ECF participants via telefax.

6

7                                         *s/Karen Wolgamuth*
                                          KAREN WOLGAMUTH
                                          Legal Assistant
8                                         United States Attorney's Office
                                          700 Stewart Street, Suite 5220
9                                         Seattle, Washington 98101-1271
                                          Phone: (206) 553-5050
10                                        FAX:   (206) 553-4440
                                          E-mail: karen.wolgamuth@usdoj.gov

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES' SENTENCING MEMORANDUM/
United States v. Ha-Duyen Thi Le, CR09-107-JLR  — 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101-1271
(206) 553-7970